UNITED STATES DISTRICT COURT

OF MASSACHUSETTS

CIVIL ACTION NO:

| | |
|---|---|
| Gregory Horenian | )<br>)<br>) |
| *Plaintiff* | )<br>)<br>) |
| V. | )<br>) |
| Officer Daniel R. Leonard | )<br>) |
| *Defendant* | ) **COMPLAINT FOR CIVIL PENALTIES**<br>)   **AND DEMAND FOR JURY TRIAL** |
| Brockton Police Department | )<br>) |
| *Defendant* | )<br>) |
| City of Brockton | )<br>)<br>)<br>) |

## THE PARTIES

1. The Plaintiff, Gregory Horenian, resides at 6402 Station Cr, Dedham, MA 02026.
2. Defendant, Officer Daniel R. Leonard is an officer for the Brockton Police Department.
3. Defendant, Brockton Police Department is located at 7 Commercial St, Brockton, MA 02302.
4. Defendant, City of Brockton Town Hall is located at 45 School St, Brockton, MA 02301.

## JURISDICTION AND VENUE

1. Jurisdiction is proper because the action arises out of a civil rights violation under 42 U.S.C. § 1983.
2. Venue is proper as the incident took place in Brockton, Massachusetts and the Defendants are all located or work in Brockton, Massachusetts.

## STATEMENT OF FACTS

1. This is a civil action seeking damages for civil rights violations arising under 42 U.S.C. § 1983, specifically Excessive Use of Force and False Arrest.
2. On November 18, 2018 at approximately 4:30 PM the Plaintiff went to Doyle's Pub in Brockton with a customer who had just purchased/picked up furniture at the Plaintiff's house.
3. The customer drove the Plaintiff's truck to Doyle's Pub because the customer's truck was loaded with furniture, and the Plaintiff had two beers when he got home from work.
4. When the two arrived, the parking lot was full, so the driver pulled towards the rear of the parking lot and pulled off the pavement and onto the grass leaving enough space for other customers parked in spaces to leave.
5. After 5:20 PM, the two left the restaurant, returned to the truck, and when the customer attempted to drive away, the truck was stuck in the grass/mud.
6. The Plaintiff called AAA Roadside Assistance and was given a reference number of #45485.
7. AAA sent George's Towing to assist the Plaintiff and they arrived at Doyle's Pub between 5:40-5:45 PM.
8. The employee of George's Towing moved his truck into position behind the Plaintiff's truck and started lowering the flat bed to begin the tow process.
9. The Plaintiff instructed the employee to tow the truck back to his house which was two miles down the road because he had been drinking.
10. The employee directed the Plaintiff to get in the truck, disengage the four-wheel drive, and to straighten the front wheels out so it could be pulled onto the flat bed.
11. The Plaintiff followed directions, got into the truck and left the driver's side door open to listen for further instruction from the AAA driver.
12. Without warning, the Plaintiff then felt a handcuff lock onto his left wrist.
13. The Plaintiff was startled and looked over his left shoulder and saw Officer Daniel Leonard, who then screamed at the Plaintiff, "What are you doing in the vehicle."

14. The Plaintiff tried to explain that he was straightening out the wheel and following the instructions of the tow truck driver, but before he could finish, Officer Leonard yelled, "I AM GOING TO TASE YOU!!"
15. Officer Leonard shot the Plaintiff with his taser gun in the stomach, electrocuting him and causing convulsions.
16. Officer Leonard then yelled at the Plaintiff, "What are you doing?"
17. Before the Plaintiff could answer Officer Leonard tased the Plaintiff again and used his empty hand to yank on the handcuffs wrenching the Plaintiff's wrist and left arm.
18. Officer Leonard continued to pull the trigger on the taser sending continuous shocks into the Plaintiff.
19. Two additional Brockton Police officers then arrived, and one opened the driver side door of the truck, and he tased the Plaintiff.
20. As the Plaintiff was being tased by two officers, the third grabbed the empty handcuff that was attached to the Plaintiff's hand/wrist and pulled it with both hands which severely injured the Plaintiff's wrist.
21. One of the officers then used a hand taser on the Plaintiff, as Officer Leonard continued pressing the trigger on his taser sending more electrical shocks.
22. Officer Leonard then stopped pressing the trigger and said, "Get out of the car or I'm going to mace you." Officer Leonard had the mace in his hand right in front of the Plaintiff's face.
23. The Plaintiff yelled out, "YES, PLEASE STOP."
24. As the Plaintiff exited the vehicle, Officer Leonard clamped down the handcuffs so tight on the wrist it caused excruciating pain.
25. Officer Leonard then grabbed the right hand and pulled it behind the Plaintiff's back and shoved the hand up to torque the Plaintiff's shoulder.
26. The Plaintiff screamed in agony and yelled that he had right shoulder replacement surgery and begged Officer Leonard to stop.
27. The other Brockton Police Officers then yanked the barbs from the taser out of the Plaintiff's stomach, picked him up off the ground, and put him in the backseat of the police car separating him from Officer Leonard.

28. Officer Leonard then instructed the AAA driver to take the chains off the truck and to leave the scene.
29. Officer Leonard then called another tow company who towed Plaintiff's car.
30. One of the other Officers present then asked the Plaintiff if we wanted to go to the police station or the hospital. The Plaintiff replied, "The hospital."
31. The Plaintiff was then put into the back of an ambulance and taken to Good Samaritan Hospital.
32. The Plaintiff was instructed to take off his cloths and change into a hospital gown to be treated.
33. Pictures of the Plaintiff showed eight separate holes in his body indicating he had been shot by a taser at least four separate times.
34. The hospital wanted to take a blood and urine sample, but because he did not have health insurance, the Plaintiff refused the tests.
35. The Plaintiff stated, "Please do not do anything that you want to be reimbursed for."
36. The Plaintiff then made calls to friends asking to be picked up from the hospital.
37. Between 11:30 PM and 12:00 AM, a friend came and picked up the Plaintiff and brought him back to his house.
38. The Plaintiff was changed with Disorderly Conduct, Resisting Arrest, and Interfering with a Police Officer.
39. Officer Leonard wrote in his police report that he received a person unconscious call. "An unknown caller stated a yellow pick-up truck had crashed into a ditch at 327 North Pearl St, Doyles Deli and Grill."
40. Officer Leonard claims he was inspecting the crash looking for injured people, but then ordered the Plaintiff out of the car.
41. Officer Leonard claims in his police report that he told the Plaintiff that he was, "Interfering with an investigation," then took out his handcuffs before proceeding to tase the Plaintiff.
42. Officer Leonard claims that he only tased the Plaintiff once, and that he attempted to tase the Plaintiff a second time but missed. This is contradicted by the pictures taken of the Plaintiff at the hospital.

43. Officer Leonard did not write in his report any details about other officer's tasing the Plaintiff, or account for the eight separate holes that were shot into the Plaintiff's body by the police tasers.
44. A use of force report was supposed to be attached to the arrest report; however, it was omitted from the documents given to the Plaintiff at his arraignment.
45. All of the Plaintiff's charges were dismissed.

### **COUNT 1- FALSE ARREST/UNLAWFUL DETENTION**

46. The Plaintiff re-alleges and incorporates herein by reference, all of the allegations contained in the preceding paragraphs.
47. Officer Leonard was in uniform and was a member of the Brockton Police Department while working in his official capacity the evening of the arrest.
48. Officer Leonard arrested the Plaintiff without probable cause.
49. The Plaintiff suffered physical and emotional harm as a result of the confinement.
50. Officer Leonard's decision to arrest the Plaintiff was the direct and proximate cause of the injuries sustained.
51. Officer Leonard was dishonest in his police report about the 911 call and how many times the Plaintiff was tased.

### **COUNT 2- EXCESSIVE USE OF FORCE**

52. The Plaintiff re-alleges and incorporates herein by reference, all of the allegations contained in the preceding paragraphs
53. The Plaintiff was detained by Officer Leonard through the use of force.
54. The amount of force used to detain the Plaintiff was excessive.
55. Officer Leonard does not account for the eight holes in the Plaintiff's body caused by tasers, and claims the Plaintiff was only tased once.
56. The Plaintiff suffered significant injuries that included painful electrocution, permanent damage to his wrist, and emotional trauma from the assault.
57. Officer Leonard's use of force was unreasonable and excessive.

### **PLAINTIFF REQUESTS A JURY TRIAL ON ALL TRIABLE CLAIMS**

## PRAYERS FOR RELIEF

Wherefor the Plaintiff requests that this court:

1. Enter a judgement against the Defendants for False Arrest and Excessive Use of Force under 42 U.S.C. § 1983.
2. Award compensatory damages for the harm suffered as a result of the Defendant's wrongful conduct.
3. Award punitive damages for the Defendant's malice intent,
4. Award reasonable attorney's fees and costs.
5. Any other relief the Court deems fair and equitable.

Respectfully Submitted,

Gregory Horenian,

By His Attorney:

/s/ Andrew R. Burger
Andrew R. Burger

BBO #706458
48 Elm St #1
Andover, MA 01810
603-344-8955
Andrew.ryan238@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing were served electronically through the Court's electronic filing system to all counsel and parties of record registered to receive such notice.

Date: August 27, 2021

/s/Andrew R. Burger
Andrew R. Burger

Case 1:21-cv-11417-WGY   Document 1   Filed 08/27/21   Page 7 of 7