UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY HORENIAN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.: 1:21-CV-11417 |
| | ) |
| OFFICER DANIEL R. LEONARD | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT DANIEL LEONARD'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED ON THE PLAINTIFF GREGORY HORENIAN

Pursuant to Fed. R. Civ. P. 34, the Defendant Daniel Leonard, hereby requests that the plaintiff produce the following documents and things for inspection and copying. The Defendant requests that the items be produced within thirty (30) days of service of this request to Gregory Mathieu, Assistant City Solicitor, City of Brockton, 45 School Street, Brockton, MA 02301.

## INSTRUCTIONS

1.  Where any copy of any document whose identification or production is sought is not identical to any other copy thereof, by reason of any alterations, notes, comments, or other materials contained thereon or attached thereto, or otherwise, all such non-identical copies shall be identified and produced. Documents which are physically attached to each other in Plaintiff's file shall be left so attached when produced.

2.  Any claims of attorney-client privilege must be made in compliance with the Fed. R. Civ. P.

1

**DEFINITIONS**

1. The terms "you" or "your," "the Plaintiff," "Plaintiff," or "Plaintiffs" as used herein refers to the individual known as Gregory Horenian who instituted the above-captioned lawsuit (hereinafter "Amended Complaint").

2. The term "incident" refers to the arrest alleged in the Plaintiff's Complaint which occurred on or about November 18, 2018.

3. The term "Defendant" or "Defendants" as used herein refers to any and all of the named Defendants in the Plaintiff's Amended Complaint, and their agents, attorneys, representatives, and all other persons acting or purporting to act on their behalf.

4. The term "person" as used herein means natural individuals and legal entities.

5. The term "communication" or "communications" shall mean oral and written conversations and nonverbal communications, including without limitation, gestures, eye and body movements, intended to understood as conveying a particular message.

6. The term "date" as used herein means the exact date, month and year, if ascertainable, or if not, the best approximation thereof, with a statement that such is an approximation.

7. The term "document" as used herein shall include all written, printed, recorded matter, graphic matter, electronic files and correspondence, or photographic matter, however produced or reproduced, or of any medium upon or from which intelligence or information can be recorded or retrieved, including, but not limited to, letters, correspondence, notes, contracts, agreements, memoranda, diaries, calendars, daily journals, time sheets, books, records, minutes, financial statements, invoices, bills accounts, canceled checks, check books, check stubs, deposit slips, drafts, money orders, books of account, ledgers, cash receipt or disbursement journals, payroll records,

commission statements, telegrams, summaries, promissory notes, deeds, mortgages, purchase and sale agreements, chattel mortgages, security agreements, word processing or computer discs, electronic mail messages, or electronic memory systems of any nature, and all other writings of every kind and description, including drafts or copies of any of the foregoing which have been in the possession, custody or control of the party to which these interrogatories are addressed.  In the event that any such document has been but is no longer within your possession, custody or control, identify the person to whom it was transferred and the present custodian of the document.  Included in this definition is each and every copy of each document which is not an exact duplicate of the document which is produced, every copy which has any writing, notation, figure or the like on it, all drafts of each document, and any attachment or enclosure associated with any document.

8. The terms "identification" or "identify," when used in reference to:

    a.  a natural individual, means to state his full name, business and residential address, and present or last known position and business affiliation, and his title, position and business affiliation at the time in question;

    b.  a "person" other than a natural individual, means to state its full name, its present or last known business address, its form of business organization (e.g., corporation, trust, etc.), its date of commencement, its state of incorporation or place of its commencement, a description of the major business of the company, and its officers, directors, stockholders, trustees, beneficiaries, partners or members, however they may be described;

    c.  a "document" means to describe the nature of the document (e.g., letter, handwritten notes, etc.), the number of pages, its title (if any), its date, or if

undated, the dates upon which the document was sent or received, all of its authors and addressees, its present location and custodian or the means of gaining access to it, including identifying data used to retrieve information held by computers, a detailed and complete summary of the contents of the document, and any note, comment or annotation placed thereon or on any copies thereof, and the manner and date of disposition of any document which once was but is no longer in your possession or subject to your control;

d.   a "communication" means, if any part of the communication was written, to "identify" (as defined above) the pertinent "document" or "documents" and, to the extent the communication was non-written, to "identify" (as defined above) each and every "person" participating in or overhearing the communication, the place, date and method of the communication, and the full substance thereof as best you can reconstruct it, stating with particularity who said what to whom.

## DOCUMENTS REQUESTED

### REQUEST NO. 1:

All documents or things that relate, pertain, support, negate or concern any claim, allegation or cause of action in the Complaint.

### REQUEST NO. 2:

All documents or things that relate or pertain to any claim of damages.

### REQUEST NO. 3:

All documents, notes or reports rendered by experts who have been consulted and/or retained for this litigation by the Plaintiff.

**REQUEST NO. 4:**

Copies of any and all documents relating or provided to each person expected to be called as an <u>expert</u> witness at the trial.

**REQUEST NO. 5:**

All documents or things that support an allegation that the Plaintiff suffered emotional distress, anxiety, depression or any other type of mental suffering.

**REQUEST NO. 6:**

All documents that relate or pertain to any damages for which the Plaintiff intends to seek recovery at trial of this matter.

**REQUEST NO. 7:**

All records from each and every medical and/or mental health care provider regarding emotional distress or any mental health issue, including (but not limited to) anxiety, concentration issues, depression and embarrassment.

**REQUEST NO. 8:**

To the extent not already requested above, all documents referred to or identified in each of Plaintiff's answers to Interrogatories.

**REQUEST NO. 9:**

All documents relating to any medical care, treatment or examination of the Plaintiff, including, but not limited to, any medical care, treatment or examination for any physical, emotional, nervous or mental illnesses or injuries, from a period of time commencing five (5) years prior to the date of the incident until the present, including but not limited to any complaints made of physical sickness, loss of appetite, weight loss, pain, injury, sleep disturbances, embarrassment, emotional suffering or anxiety.

5

**REQUEST NO. 10:**

All documents concerning the Plaintiff's (or someone on his behalf) communications with any members of the press regarding the allegations in the Complaint.

**REQUEST NO. 11:**

Any and all records of any physician, psychologist, social worker, or health care provider who provided any treatment to Plaintiff as a result of any injury or condition allegedly caused by the Defendant.

**REQUEST NO. 12:**

All reports, statements, memoranda, notices, documents, and all other papers or documents maintained by the Plaintiff or in his possession or in the possession of his agents, servants, employees or attorneys in any way concerning or related to any of the events, occurrences and allegations in the Complaint.

**REQUEST NO.  13:**

If it is the Plaintiff's contention that any physical, medical or mental health conditions, illnesses or disabilities were caused in any way by the Defendant or by any agents, servants or employees of the City of Brockton, provide all medical records, mental health records, writings, notes or other memoranda relating in any way to any of the physical, medical or mental health conditions, illnesses or disabilities caused by any Defendant, including but not limited to those of doctors, nurses, practitioners, hospitals, clinics, institutions or other health care providers or insurers.

**REQUEST NO. 14:**

All documents, recordings, tapes or records containing any statements of any witnesses or parties concerning the allegations in the Complaint or the Plaintiff's damages.

**REQUEST NO. 15:**

The Plaintiff's Federal Income Tax Returns and W-2 Forms for the years 2016 to present.

**REQUEST NO. 16:**

All documents between the Plaintiff and any other person (except his attorney) concerning any of the allegations in the Complaint or damages.

**REQUEST NO. 17:**

All records from each and every medical provider regarding the Plaintiff's injuries.

**REQUEST NO. 18:**

All records and police reports from each of the Plaintiff's arrests and/or convictions.

**REQUEST NO. 19:**

The complaints, documents representing a claim, or demand letter from each and every lawsuit, threatened lawsuit or insurance claim where the Plaintiff was a party or potential party.

**REQUEST NO. 20:**

Any and all medical bills, receipts, invoices, cancelled checks, and other evidences of payment involving injuries as alleged to have been suffered by the plaintiff as a result of the incident alleged in the Complaint.

**REQUEST NO. 21:**

All documents that reflect photographic, mechanical, drawings, or diagrammatic depictions of:

    a.  The location of the alleged incident;

    b.  The events and circumstances involved in the alleged incident;

    c.  The objects and/or substance, if any, involved in the alleged incident; and,

    d.  The Plaintiff's alleged injuries.

**REQUEST NO. 21:**

All documents that identify witnesses with information of any kind that relates to the events and circumstances alleged in Plaintiff's Complaint.

**REQUEST NO. 22:**

Any and all photographs, videotapes, sketches, plans, and/or diagrams or other reproductions of the injured portion(s) of the plaintiff's body.

**REQUEST NO. 23:**

Copies of any and all documentary evidence which the Plaintiff intends to offer into evidence at the time of trial.

**REQUEST NO. 24:**

Complete certified medical records from each of the plaintiff's "primary care physician(s)" or "family doctor(s)" with whom the plaintiff treated in the past five (5) years.

**REQUEST NO. 25:**

Any and all documents, including, but not limited to correspondence, applications, questionnaires, insurance policies, coverage statements, claim letters, rejection of claim notices, and the like, received by the plaintiff or on the plaintiff's behalf from any Insurer or Insurance Company, regarding the incident, or injuries sustained in the incident.

**REQUEST NO. 26:**

Copies of any membership contract between the plaintiff and any health club, spa, sports club, gymnasium or other health fitness organization from November 18, 2017, to the present.

**REQUEST NO. 27:**

Any and all toxicology reports, blood serum test reports, alcohol and drug tests of the plaintiff taken within 24 hours of the incident.

**REQUEST NO. 28:**

Any and all documents related to the plaintiff's AAA membership, including but not limited to: invoices, policy numbers, and a copy of the AAA card.

Respectfully submitted,

DEFENDANT,

DANIEL LEONARD

By his attorney,

/s/ Gregory S. Mathieu
Gregory S. Mathieu, Esq.
BBO# 703683
City of Brockton
City Hall - 45 School Street
Brockton, MA 02301
Tel. No. (508) 580-7110
gmathieu@cobma.us

Dated: March 3, 2022

CERTIFICATE OF SERVICE

I Gregory S. Mathieu, attorney for defendant Daniel Leonard certify that on 3rd day of March, 2022, I caused the foregoing document to be served to plaintiff's counsel of record via first class mail to:

Andrew Burger
Law Offices of Andrew R. Burger LLC
48 Elm Street #1
Andover, MA 01810

/s/ Gregory S. Mathieu
Gregory S. Mathieu, Esq.